

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LAUREN ALMQUIST LIVELY**
Phone: (212) 356-0885
Fax: (212) 356-8760
Email: llively@law.nyc.gov
(not for service)

June 16, 2016

**BY ECF**
Hon. Lorna Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Riley v. Ponto,* et al.,
           15 Civ. 4240

Dear Judge Schofield:

      I am the Assistant Corporation Counsel assigned to the defense of the above-referenced action, in which Plaintiff, an inmate formerly in the custody of the New York City Department of Correction ("DOC"), alleges that in August 2012, he was placed on Red I.D./enhanced restraint status without a timely hearing. Following a conversation with Plaintiff on June 15, 2016, I write to provide a joint update to the Court about the status of the suit.

**Discovery**

      Discovery closed on June 2, 2016, following Your Honor's grant of a four-week extension. Defendants served interrogatories and requests for production on March 18, 2016, to which Plaintiff responded in part, and deposed Plaintiff on May 2, 2016. Although Plaintiff did not serve any document requests, Defendants have produced 1746 pages of relevant documents. Throughout discovery, I have explained to Plaintiff the discovery process and his ability to ask questions of Defendants and to request documents. At the conclusion of his deposition, I also requested that he provide me with the names and contact information of anyone with relevant information on whom he may choose to rely, as Plaintiff did not do so in responding to Defendants' interrogatories. Plaintiff did not provide any supplemental responses.

**Settlement**

As for the status of settlement negotiations, the parties met twice with Magistrate Judge Peck but have not resolved the suit.  The parties' positions were very close at the conclusion of the first settlement conference, and Plaintiff represented that he would leave his demand open as he considered Defendants' counter-offer. However, at the second conference, Plaintiff rejected an offer by Defendants that was significantly higher than Plaintiff's own request at the first conference. Since the conference, I have spoken extensively with Plaintiff's designated contact (his fiancée Ms. Shields) and an attorney who Plaintiff initially indicated would be representing him.  However, contrary to the recommendations of Magistrate Judge Peck, during our phone call on June 15, 2016, Plaintiff rejected Defendants' offer and substantially raised his settlement demand to twice the amount he demanded at the first settlement conference.  Thus, it does not appear that the continued involvement of Magistrate Judge Peck would be productive unless Plaintiff were willing to reinstate his earlier demand or reduce his current demand considerably.

Defendants remain interested in resolving the suit amicably, and Plaintiff indicates that he is as well.  Plaintiff has been unsuccessful in attempting to obtain private counsel, although the assistance of counsel would help Plaintiff to properly evaluate what Defendants consider to be a very generous offer and to understand the challenges entailed by continued litigation.  Accordingly, at the case management conference, the parties wish to discuss the possibility of Your Honor's appointing pro bono counsel for the limited purpose of exploring settlement.

**Outstanding Issues**

There are two other issues that the parties wish to raise at the conference. Magistrate Judge Peck noted that in Plaintiff's Amended Complaint, Plaintiff purported to invoke his rights under Federal Rule of Civil Procedure 38, but indicated that he desired a "trial by judge."  Plaintiff stated that he believes he did demand a jury trial and that any statement to the contrary was in error.  If Plaintiff's request is deemed invalid, he wishes to request a jury trial now.  Defendants would not oppose this application, since this office was under the impression that Plaintiff had done so, as a demand by Plaintiff appears in the action's caption on ECF, and, thus, Defendants would not be prejudiced.

Finally, during my call with Plaintiff, he stated that he wishes to amend his Complaint again to add a claim related to inadequate medical care, should the parties not reach a settlement.  Defendants strongly oppose Plaintiff's anticipated request to amend, as he has already amended his Complaint, and discovery has closed in this action.

In sum, the parties respectfully request that these issues, in addition to the topics of settlement and Defendants' request to file a motion for summary judgment, be discussed during the conference.

- 3 -

Thank you for your consideration of the foregoing.

Respectfully,

/s/_____
Lauren Almquist Lively
Assistant Corporation Counsel

cc: Delroy Riley
14-A-4875
GreenHaven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-4000
(by first-class mail)